**Alfred LILO, Majlinda Sina, Dajana Lilo, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1001–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Patrick L. Meehan, United States Attorney; Virginia A. Gibson, Assistant United States Attorney Chief, Civil Division; Michael L. Levy, Catherine L. Votaw, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a re-

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Alfredo Lilo, Majlinda Sina, and Dajana Lilo, through counsel, petition for review of the January 2004 BIA order affirming an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

Substantial evidence supports the BIA's finding that changed country conditions rebutted the presumption that Lilo had a well-founded fear of future persecution based on his past persecution. The BIA did not err in indicating from the evidence before it that the Communist authorities who controlled Albania in 1990 and 1991, when Lilo had been arrested and beaten, were no longer in power, and that opposition parties were no longer subject to mistreatment. The record is consistent with the BIA's observation that the Socialist Party had come into power in 1997 and had repudiated the Communist regime, and that the Democratic Party "partici-

spondent in this case.

pates in most parliamentary activity." Furthermore, irrespective of the surreptitious nature of Lilo's visits, the BIA did not err in finding that the fact that Lilo was able to return to Albania for periods of up to three weeks "without having any problems" supported the IJ's decision. The only incident Lilo mentioned occurred in 1998 when he was stopped for an identification check.

Once the IJ showed that Lilo had failed to establish a well-founded fear of further persecution, it was within the discretion of the Attorney General to determine whether Lilo's past persecution was so severe as to warrant a grant of asylum. See 8 U.S.C. § 1158(b)(1). This decision is generally not reviewable unless "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D); *see also Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 111 (2d Cir.2005). Here, the record supports the BIA's conclusion. The record also supports the BIA's dismissal of the appeal from the decision of the IJ as to the IJ's conclusion that Lilo had failed to establish that he was "more likely than not" to be tortured if returned to Albania.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).